**CT Corporation**

**Service of Process Transmittal**
04/28/2009
CT Log Number 514781490

TO: Tracey Wild, Vice President
NCO Financial Systems, Inc.
150 Crosspoint Parkway, Crosspoint Business Park
Getzville, NY 14068-

09CV2919

JUDGE KENDALL

MAGISTRATE JUDGE KEYS

CH

RE: **Process Served in Illinois**

FOR: Transworld Systems, Inc. (Domestic State: CA)

---

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Montgomery Chiropractic, P.C., Pltf. vs. Transworld Systems, Inc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons (2 sets), Complaint, Notice and Assignment, Exhibit |
| **COURT/AGENCY:** | Cook County - Circuit Court, IL<br>Case # 09CH16090 |
| **NATURE OF ACTION:** | Dft., Transworld Systems, Inc., in sending or causing the sending of unsolicited advisements to telephone fascimile machines in violation of the Telephone Consumenr Protecteion Act |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/28/2009 at 11:00 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, not counting the day of service |
| **ATTORNEY(S) / SENDER(S):** | Daniel A. Edelman<br>Edelman, Combs, Latturner & Goodwin, LLC<br>120 S. LaSalle Street, 18th Floor<br>Chicago, IL 60603<br>312-739-4200 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/28/2009, Expected Purge Date: 05/03/2009<br>Image SOP<br>Email Notification, Tracey Wild Tracey.Wild@ncogroup.com<br>Email Notification, Michelle Lyon MLYON@SESSIONS-LAW.biz<br>Email Notification, Becky Penski rpenski@sessions-law.biz<br>Email Notification, Diana Orellana dorellana@sessions-law.biz<br>Email Notification, Kathleen Treuil ktreuil@sessions-law.biz<br>Email Notification, Cathy McTyere cathy.mctyere@ncogroup.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>Jill Duffy-Baricovich<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604<br>312-345-4336 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

| 2120 - Served | 2121 - Served | |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | CCG N001-10M-1-07-05 (          ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, Chancery _____ DIVISION

(Name all parties)

MONTGOMERY CHIROPRACTIC, P.C., _____

Plaintiff,

v.

TRANSWORLD SYSTEMS, INC.,
and JOHN DOES 1-10,

Defendants.

**SUMMONS**

}

09 CH 10090

No. _____

Transworld Systems, Inc.
c/o CT Corporation System, Registered
        Agent
208 S. LaSalle Street, Ste. 814
Chicago, IL 60604

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 802_____, Chicago, Illinois 60602

| | | |
|---|---|---|
| ❑ District 2 - Skokie<br>5600 Old Orchard Rd.<br>Skokie, IL 60077 | ❑ District 3 - Rolling Meadows<br>2121 Euclid<br>Rolling Meadows, IL 60008 | ❑ District 4 - Maywood<br>1500 Maybrook Ave.<br>Maywood, IL 60153 |
| ❑ District 5 - Bridgeview<br>10220 S. 76th Ave.<br>Bridgeview, IL 60455 | ❑ District 6 - Markham<br>16501 S. Kedzie Pkwy.<br>Markham, IL 60426 | ❑ Child Support<br>28 North Clark St., Room 200<br>Chicago, Illinois 60602 |

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date. APR 22 2009

Atty. No.: 41106_____

Name: Edelman, Combs, Latturner, & Goodwin, LLC

Atty. for: Plaintiff

Address: 120 S. LaSalle Street

City/State/Zip: Chicago, IL 60603

Telephone: 312.739.4200

Service by Facsimile Transmission will be accepted at: _____

WITNESS, DOROTHY OF _____, _____
CLERK OF CIRCUIT COURT

_____ Clerk of Court

Date of Service: _____, _____
(To be inserted by officer on copy left with defendant
or other person)

(312)    419-0379
(Area Code)    (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

| 2120 - Served | 2121 - Served | |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| **SUMMONS** | **ALIAS - SUMMONS** | CCG N001-10M-1-07-05 (          ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, Chancery _____ DIVISION

(Name all parties)

MONTGOMERY CHIROPRACTIC, P.C., _____

Plaintiff,

v.

TRANSWORLD SYSTEMS, INC.,
and JOHN DOES 1-10,

Defendants.

09 C H 16090

No. _____

Transworld Systems, Inc.
c/o CT Corporation System, Registered
Agent
208 S. LaSalle Street, Ste. 814
Chicago, IL 60604

**SUMMONS**

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 802 _____, Chicago, Illinois 60602

| ☐ **District 2 - Skokie** | ☐ **District 3 - Rolling Meadows** | ☐ **District 4 - Maywood** |
|---|---|---|
| 5600 Old Orchard Rd. | 2121 Euclid | 1500 Maybrook Ave. |
| Skokie, IL 60077 | Rolling Meadows, IL 60008 | Maywood, IL 60153 |
| ☐ **District 5 - Bridgeview** | ☐ **District 6 - Markham** | ☐ **Child Support** |
| 10220 S. 76th Ave. | 16501 S. Kedzie Pkwy. | 28 North Clark St., Room 200 |
| Bridgeview, IL 60455 | Markham, IL 60426 | Chicago, Illinois 60602 |

**You must file within 30 days after service of this Summons, not counting the day of service.**
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 41106

Name: Edelman, Combs, Latturner, & Goodwin, LLC

Atty. for: Plaintiff

Address: 120 S. LaSalle Street

City/State/Zip: Chicago, IL 60603

Telephone: 312.739.4200

Service by Facsimile Transmission will be accepted at: _____

WITNESS, APR 22 2009 _____,

DOROTHY BROWN
CLERK OF CIRCUIT COURT
Clerk of Court

Date of service: _____,
(To be inserted by officer on copy left with defendant or other person)

(312)    419-0379
(Area Code)    (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Atty. No. 41106

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| MONTGOMERY CHIROPRACTIC, P.C., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TRANSWORLD SYSTEMS, INC., | ) |
| and JOHN DOES 1-10, | ) |
| | ) |
| Defendants. | ) |

09CH16090

FILED-CH
2009 APR 22 PM 4:25
CLERK OF THE CIRCUIT COURT
CHANCERY DIVISION

## COMPLAINT – CLASS ACTION

## MATTERS COMMON TO MULTIPLE COUNTS

## INTRODUCTION

1.     Plaintiff Montgomery Chiropractic, P.C., brings this action to secure redress for the actions of defendant Transworld Systems, Inc., in sending or causing the sending of unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), and the common law.

2.     The TCPA expressly prohibits unsolicited fax advertising.  Unsolicited fax advertising damages the recipients.  The recipient is deprived of its paper and ink or toner and the use of its fax machine.  The recipient also wastes valuable time it would have spent on something else.  Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

1

## PARTIES

3.    Plaintiff Montgomery Chiropractic, is a corporation with offices at 212 Webster Street, Montgomery, Illinois 60538, where it maintains telephone facsimile equipment.

4.    Defendant Transworld Systems, Inc. is a California corporation engaged in the debt collection business.  It does business in Illinois.  It has offices at 810 Hester's Crossing Road, Suite 210, Round Rock, Texas 78681.

5.    Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below.  Plaintiff does not know who they are.

## JURISDICTION AND VENUE

6.    Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendants:

   a.    Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

   b.    Have transacted business in Illinois.

## FACTS

7.    On April 1, 2009, plaintiff Montgomery Chiropractic, P.C.,  received the unsolicited fax advertisement attached as Exhibit A on its facsimile machine.

8.    Discovery may reveal the transmission of additional faxes as well.

9.    Defendant Transworld Systems, Inc. is responsible for sending or causing the sending of the faxes.

10.    Defendant Transworld Systems, Inc., as the entity whose products or services were advertised in the faxes, derived economic benefit from the sending of the faxes.

2

11. Each fax refers to a website used by defendant Transworld Systems, Inc.

12. Plaintiff had no prior relationship with defendant and had not authorized the sending of fax advertisements to plaintiff.

13. The faxes have a "remove" number at the bottom that is associated with the mass broadcasting of advertising faxes.

14. On information and belief, the faxes attached hereto were sent as part of a mass broadcasting of faxes.

15. On information and belief, defendants have transmitted similar unsolicited fax advertisements to at least 40 other persons in Illinois.

16. There is no reasonable means for plaintiff or other recipients of defendants' unsolicited advertising faxes to avoid receiving illegal faxes. Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

17. Furthermore, the "opt out notice" required by the TCPA even when faxes are sent with consent or pursuant to an established business relationship was not provided in the faxes at issue.

## COUNT I – TCPA

18. Plaintiff incorporates ¶¶ 1-17.

19. The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine …" 47 U.S.C. §227(b)(1)(C).

20. The TCPA, 47 U.S.C. §227(b)(3), provides:

**Private right of action.**

3

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—

> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C) both such actions.

If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.

21.     Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result. Furthermore, plaintiff's statutory right of privacy was invaded.

22.     Plaintiff and each class member is entitled to statutory damages.

23.     Defendants violated the TCPA even if their actions were only negligent.

24.     Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

25.     Plaintiff brings this claim on behalf of a class, consisting of (a) all persons and entities with facsimile numbers (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant Transworld Systems, Inc. promoting its goods or services for sale (d) and who were not provided an "opt out" notice as described in 47 U.S.C.

4

§227.

26.     The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

27.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

a.     Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

b.     The manner in which defendants compiled or obtained their list of fax numbers;

c.     Whether defendants thereby violated the TCPA;

d.     Whether defendants thereby engaged in unfair  acts and practices, in violation of the ICFA.

e.     Whether defendants thereby converted the property of plaintiff.

28.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

29.     A class action is an appropriate method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

30.     Several courts have certified class actions under the TCPA. <u>Sadowski v.
Med1 Online, LLC</u>, 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); <u>Hinman
v. M & M Rental Ctr.</u>, 06 C 1156, 2008 U.S. Dist. LEXIS 27835 (N.D.Ill., April 7, 2008); <u>Kavu,
Inc. v. Omnipak Corp.</u>, 246 F.R.D. 642 (W.D.Wash.  2007); <u>Gortho, Ltd., v. Websolv</u>, 03 CH
15615 (Cir. Ct. Cook Co., March 6, 2008); <u>Travel 100 Group, Inc. v. Empire Cooler Service,
Inc.</u>, 03 CH 14510, 2004 WL 3105679  (Cook Co. Cir. Ct., Oct. 19, 2004); <u>Rawson v. C.P.
Partners LLC</u>, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005);  <u>Lampkin v. GGH, Inc.</u>, 146
P.3d 847 (Okla. Ct. App. 2006); <u>Display South, Inc. v. Express Computer Supply, Inc.</u>, 961
So.2d 451, 455 (La. App. 1st Cir. 2007); <u>Display South, Inc. v. Graphics House Sports
Promotions, Inc.</u>, 992 So. 2d 510 (La. App. 1st Cir. 2008);   <u>ESI Ergonomic Solutions, LLC v.
United Artists Theatre Circuit, Inc.</u>, 203 Ariz. (App.) 94, 50 P.3d 844 (2002);   <u>Core Funding
Group, LLC  v. Young</u>, 792 N.E.2d 547 (Ind.App. 2003); <u>Nicholson v. Hooters of Augusta, Inc.</u>,
245 Ga.App. 363, 537 S.E.2d 468 (2000)  (private class actions); see  <u>State of Texas v. American
Blast Fax, Inc.</u>, 164 F. Supp. 2d 892 (W.D. Tex. 2001) (state enforcement action).

31.     Management of this class action is likely to present significantly fewer
difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of
plaintiff and the class and against defendants for:

a.      Actual damages;

b.      Statutory damages;

c.      An injunction against the further transmission of unsolicited fax
advertising;

        d.      Costs of suit;

        e.      Such other or further relief as the Court deems just and proper.

## COUNT II – ILLINOIS CONSUMER FRAUD ACT

32.    Plaintiff incorporates ¶¶ 1-17.

33.    Defendants engaged in unfair acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by sending unsolicited fax advertising to plaintiff and others.

34.    Unsolicited fax advertising is contrary to the TCPA and also Illinois public policy, as set forth in 720 ILCS 5/26-3(b), which makes it a petty offense to transmit unsolicited fax advertisements to Illinois residents.

35.    Defendants engaged in an unfair practice by engaging in conduct that is contrary to public policy, unscrupulous, and caused injury to recipients of their advertising.

36.    Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result.

37.    Defendants engaged in such conduct in the course of trade and commerce.

38.    Defendants' conduct caused recipients of their advertising to bear the cost thereof. This gave defendants an unfair competitive advantage over businesses that advertise lawfully, such as by direct mail. For example, an advertising campaign targeting one million recipients would cost $500,000 if sent by U.S. mail but only $20,000 if done by fax broadcasting. The reason is that instead of spending $480,000 on printing and mailing his ad, the fax broadcaster misappropriates the recipients' paper and ink. "Receiving a junk fax is like getting junk mail with the postage due". Remarks of Cong. Edward Markey, 135 Cong Rec E 2549, Tuesday, July 18, 1989, 101st Cong. 1st Sess.

7

39.     Defendants' shifting of advertising costs to plaintiff and the class members in this manner makes such practice unfair.  In addition, defendants' conduct was contrary to public policy, as established by the TCPA and Illinois statutory and common law.

40.     Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

41.     Plaintiff brings this claim on behalf of a class, consisting of (a) all persons and entities with Illinois fax numbers (b) who, on or after a date 3 years prior to the filing of this action, and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant Transworld Systems, Inc. promoting its goods or services for sale (d) and who were not provided an "opt out" notice as described in 47 U.S.C. §227.

42.     The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

43.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

a.      Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

b.      Whether defendants thereby violated the TCPA;

c.      Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

d.      Whether defendants thereby converted the property of plaintiff.

8

44.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

45.     A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

46.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

a.      Appropriate damages;

b.      An injunction against the further transmission of unsolicited fax advertising;

c.      Attorney's fees, litigation expenses and costs of suit;

d.      Such other or further relief as the Court deems just and proper.

## COUNT III – CONVERSION

47.     Plaintiff incorporates ¶¶ 1-17.

48.     By sending plaintiff and the class members unsolicited faxes, defendants converted to their own use ink or toner and paper belonging to plaintiff and the class members.

49.     Immediately prior to the sending of the unsolicited faxes, plaintiff and the

9

class members owned and had an unqualified and immediate right to the possession of the paper and ink or toner used to print the faxes.

50.     By sending the unsolicited faxes, defendants appropriated to their own use the paper and ink or toner used to print the faxes and used them in such manner as to make them unusable. Such appropriation was wrongful and without authorization.

51.     Defendants knew or should have known that such appropriation of the paper and ink or toner was wrongful and without authorization.

52.     Plaintiff and the class members were deprived of the paper and ink or toner, which could no longer be used for any other purpose.   Plaintiff and each class member thereby suffered damages as a result of receipt of the unsolicited faxes.

53.     Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

54.     Plaintiff brings this claim on behalf of a class, consisting of (a) all persons and entities with Illinois fax numbers (b) who, on or after a date 5 years prior to the filing of this action and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant Transworld Systems, Inc. promoting its goods or services for sale (d) and who were not provided an "opt out" notice as described in 47 U.S.C. §227.

55.     The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

56.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common

10

questions include:

        a.      Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

        b.      Whether defendants thereby violated the TCPA;

        c.      Whether defendants thereby committed the tort of conversion;

        d.      Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

        e.      Whether defendants thereby converted the property of plaintiff.

57.      Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

58.      A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

59.      Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

        a.      Appropriate damages;

        b.      An injunction against the further transmission of unsolicited fax

advertising;

        c.      Costs of suit;

        d.      Such other or further relief as the Court deems just and proper.


_____
      Daniel A. Edelman


Daniel A. Edelman
Michelle R. Teggelaar
Heather A. Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
Atty. No. 41106

T:\22754\Pleading\Complaint_Pleading.wpd

12

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

_____
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

13

# EXHIBIT A

**ATTENTION: FINANCE ADMINISTRATOR OR MANAGING PHYSICIAN**



Stop Paying Contingency Fees to your Collection Agency

Did you know that 70-80% of all collection agencies recover your delinquent patient money by letter writing campaigns alone. Rarely, do they ever pick up the phone to recover your money. Save the 30-50% you are paying to outsource your collections by using the **Transworld Systems Demand Series Letter Camaign first, at a low cost of around $13 per delinquent account, with no percentages taken from what we help collect.**

<u>Low fixed fee averaging $13 or less per assignment</u>

- Most clinics are already sending out in-house collection letters, let us do it for you Transworld Systems saves you the time, money, and materials associated with mailing collection letters. **Because you're not paying contingency fees, you can start your 3rd party collections earlier.**

- **NO MORE STAMPS, NO MORE STUFFING, NO MORE CERTIFIED LETTERS :** We'll incur all the costs and labor for you at our low fixed fee per account. No more 'I didn't have time to send out the collection letters this month.'

- Send the Hard Core accounts to a Verbal Demands collections agency, not the accounts that can be collected by a simple 3rd party letter.

- You never have to wait to receive a check payment from us because the debtor is instructed to pay you directly.

To find out more about our 3rd Party Collections Letter Process,
Faxback to Revenue Recovery at **(512) 949.4907**
or email us at mypractice@transworldrecovery.com

**Yes. Please send me more information.**

Practice:_____

Contact: _____

EMAIL:_____

Phone: _____

**Transworld Systems Inc. ▭ 810 Hester's Crossing Rd Round Rock Texas 78681
(800) 200-0558 ▢ www.transworldsystems.com**

To opt out from future faxes go to www.delatemyfaxnumber.com enter PIN= 13516, or call 977-284-7837. The recepient may make a request to the sender not to send any future faxes and that failure to comply with the request within 30 days is unlawful