UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MONTGOMERY CHIROPRACTIC, P.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | 09 C 2919 |
| v. ) | |
| ) | Judge Kendall |
| TRANSWORLD SYSTEMS, INC., ) | Magistrate Judge Keys |
| and JOHN DOES 1-10, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT AGREEMENT AND NOTICE TO THE CLASS**

Plaintiff Montgomery Chiropractic, P.C. ("Plaintiff") respectfully requests that the Court enter an order: (i) certifying a class for settlement purposes; (ii) granting preliminary approval of the Class Settlement Agreement ("Agreement") in the form of Exhibit A to the Agreement; and (iii) appointing Montgomery Chiropractic, P.C. as Class Representative and Edelman, Combs, Latturner & Goodwin, LLC ("ECLG") as class counsel. In support of this motion, Plaintiff states as follows:

1. Plaintiff filed the above captioned lawsuit against defendant, Transworld Systems, Inc. ("TSI") alleging that it violated the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), by sending unsolicited facsimile advertisements to Plaintiff and other members of the class.

2. Counsel for Plaintiff and Defendant have reviewed and analyzed the legal and factual issues presented in this action, the risks and expense involved in pursuing the litigation to conclusion, the likelihood of recovering damages in excess of those obtained

1

through this settlement, the protracted nature of the litigation and the likelihood, costs and possible outcomes of one or more procedural and substantive appeals. Based upon their review and analysis, Plaintiff and Defendant entered into the Settlement Agreement, attached hereto as Appendix A.

   3.  The parties desire to settle and compromise the litigation on the terms and conditions embodied in the Agreement and agree as follows:

    a.  Class Certification. The parties agree to the certification of a class for settlement purposes only, consisting of:

> All persons and entities in the United States who on or after April 22, 2005, were sent a facsimile advertisement in the form of Exhibit A to the second amended complaint, which advertised the commercial availability of TSI's services and who did not have an existing business relationship with TSI and, did not consent to the sending of such facsimile advertisement.

Defendant has identified approximately 6,666 persons and entities to which it sent the unsolicited advertising faxes in the form of Exhibit A to the second amended complaint.

    b.  Settlement Recovery.

     (1)  TSI shall pay not less than $35,000 and not more than $95,000 (hereinafter "the Settlement Fund") to establish the Settlement Fund. The Settlement Fund will be used to provide recovery to the Settlement Class. Each class member will receive a distribution from the Settlement Fund up to a maximum of $200, depending on the number of class members who return a valid claim form, and depending upon the number of class members who opt out. Defendant has identified approximately 6,666 telephone facsimile numbers to which the unsolicited advertising faxes were sent.

   In the event that the aggregate amount to be paid to the Settlement Class

Members exceeds $95,000, TSI shall pay a pro rata share of the $95,000 to each Settlement Class Member. If the number of valid claim forms returned by the Class Members exceeds 175, then each Class Member is paid $200 up to a maximum of $95,000, after the deduction described below in subparagraph (3).

Each Settlement Class Member who submits a claim form will be paid only one *pro rata* share of the Settlement Fund up to $200, after the deductions described in subparagraph (3), regardless of the number of faxes received by that Settlement Class Member.

(2)     Plaintiff's counsel shall receive, subject to Court approval, attorney's fees and costs in an amount not to exceed $30,000. This amount shall be paid separate and distinct from the Settlement Fund.

(3)     Plaintiff shall receive, subject to Court approval, an award of $2,000 which will provide an incentive award for its services as Class Representative. This amount shall be in addition to any amount plaintiff may recover as a class member, and shall be paid out of the Settlement Fund.

(4)     TSI shall bear the costs of preparing, handling and sending the notice and claim forms to the class members, as well as preparing and distributing the Settlement Funds at its own expense, separate and distinct from the Settlement Fund.

(5)     All settlement checks shall be void 60 days after issuance and shall so state on the check. Any amounts remaining in the Settlement Fund 90 days after payment of all valid claims shall be paid as *cy pres*, with the consent and approval of the Court. If TSI is obligated to spend less than $35,000 on timely made and accepted claims, then TSI shall be obligated to make a *cy pres* award in the amount of the difference between $35,000 and

the amount TSI is obligated to spend on timely made and accepted claims. The parties recommend AIDS Legal Council of Chicago and Chicago Legal Clinic as *cy pres* recipients.

    c. <u>Class Notice</u>. Within 30 days of the entry of the Court's preliminary approval order of the Agreement, defendant's counsel will give or cause to be given notice ("Notice") of the settlement via facsimile transmission, in the form of <u>Exhibit C</u> to the Agreement, including a Claim Form, in the form of <u>Exhibit D</u> to the Agreement, to the persons and entities identified on the Class List ("Class Members").

    Plaintiff's counsel will post the <u>Exhibit A</u> to the Second Amended Complaint, on its website, www.edcombs.com.

    Class Members shall have 90 days from the date of entry of the Preliminary Approval Order to submit claim forms.

    d. <u>Class Members' Right to Opt Out</u>. Any Class member may seek to be excluded from the Agreement and the lawsuit by opting out of the Class within the time period set by this Court. Any member who opts out of the Class shall not be bound by any prior Court order or the terms of the Agreement and shall not be entitled to any of the monetary benefits set forth in the Agreement.

    e. <u>Claim Form</u>. In order to the receive consideration provided under the settlement, each class member must timely return a claim form which will be provided with the Notice sent via facsimile.

    f. <u>Class Members' Right to Object</u>. Any Class member may object to the Settlement Agreement by filing with the Court and mailing to Settlement Class Counsel and counsel for TSI a written objection within the time period set by this Court. Any member

4

who objects to the Settlement may appear and be heard at the final approval hearing.

        4.     Federal Rule of Civil Procedure 23(a) makes class certification appropriate in cases where:

> **(1) The class is so numerous that joinder of all members is impracticable,**
>
> **(2) There are questions of fact or law common to the class,**
>
> **(3) The claims or defensives of the representative parties are typical of the claims defenses of the class, and**
>
> **(4) The representative parties will fairly and adequately protect the interest of the class.**

Further, Federal Rule of Civil Procedure 23(b)(3) provides that a class action is maintainable if the above prerequisites have been met and:

> **the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.**

As demonstrated below, each of the requirements for certification of a Settlement Class is met.

        i.     <u>Rule 23(a)(1) -- Numerosity</u>. Fed. R. Civ. P. 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." The numerosity requirement is satisfied if it is reasonable to conclude that the number of members of the proposed class is greater than the minimum number required for class certification, which is about 10-40. <u>Kulins v. Malco</u>, 121 Ill. App. 3d 520, 530, 459 N.E.2d 1038 (1st Dist. 1984) (19 and 47 sufficient); <u>Swanson v. American Consumer Industries</u>, 415 F.2d 1326, 1333 (7th Cir. 1969) (40 class members sufficient); <u>Cypress v. Newport News General & Nonsectarian Hosp. Ass'n</u>, 375 F.2d 648, 653 (4th Cir. 1967) (18 sufficient); <u>Riordan v. Smith Barney</u>, 113 F.R.D.

60, 62 (N.D. Ill. 1986) (10-29 sufficient); Sala v. National R. Pass. Corp., 120 F.R.D. 494, 497 (E.D. Pa. 1988) (40-50 sufficient); Scholes v. Stone, McGuire & Benjamin, 143 F.R.D. 181, 184 (N.D. Ill. 1992) (72 class members).

In the present case, defendant has estimated that there are approximately 6,666 persons and entities who were sent TSI's facsimiles. This plainly satisfies the numerosity requirement.

ii. Rule 23(a)(2) -- Commonality; and Rule 23(b)(3)- Common Questions of Law or Fact Predominate. Fed. R. Civ. P. 23(a)(2) requires that there be a common question of law or fact. Rule 23(b)(3) requires that the questions of law or fact common to all members of the class predominate over questions pertaining to individual members. The commonality requirement is satisfied if there are common questions linking the class members that are substantially related to the outcome of the litigation. Blackie v. Barrack, 524 F.2d 891, 910 (9th Cir. 1975). Common questions predominate if classwide adjudication of the common issues will significantly advance the adjudication of the merits of all class members' claims. McClendon v. Continental Group, Inc., 113 F.R.D. 39, 43-44 (D.N.J. 1986); Genden v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 114 F.R.D. 48, 52 (S.D.N.Y. 1987); Spicer v. Chicago Board Options Exchange, CCH Fed.Sec.L.Rptr. [1989-90 Transfer Binder] ¶94,943, at p. 95,254 (N.D. Ill. 1990); Alexander Grant & Co. v. McAlister, 116 F.R.D. 583, 590 (S.D. Ohio 1987). Where a case involves "standardized conduct of the defendants toward members of the proposed class, a common nucleus of operative facts is typically presented, and the commonality requirement . . . is usually met." Franklin v. City of Chicago, 102 F.R.D. 944, 949 (N.D.Ill. 1984); Patrykus v. Gomilla, 121 F.R.D. 357, 361 (N.D. Ill. 1988).

6

Here, there are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

(1) Whether defendant engaged in a pattern of sending unsolicited fax advertisements;

(2) Whether defendant thereby violated the TCPA;

(3) The manner in which defendant compiled or obtained their list of fax numbers; and

(4) Whether defendant thereby engaged in unfair acts and practices, in violation of the ICFA.

The settlement class is defined in terms of all persons and entities in the United States who on or after April 22, 2005, were sent a facsimile advertisement in the form of Exhibit A to the second amended complaint, which advertised the commercial availability of TSI's services and who did not have an existing business relationship with TSI and, did not consent to the sending of such facsimile advertisement.

Several courts have certified class actions under the TCPA. CE Design Ltd. v. Cy's Crabhouse North, Inc., 07 C 5456, 2009 U.S. Dist. LEXIS 67323 (N.D. Ill. July 27, 2009); Sadowski v. Med1 Online, LLC, 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); Hinman v. M & M Rental Ctr., 06 C 1156, 2008 U.S. Dist. LEXIS 27835 (N.D.Ill., April 7, 2008); Lampkin v. GGH, Inc., 146 P.3d 847 (Okla. Ct. App. Oct. 31, 2006); Display South, Inc. v. Express Computer Supply, Inc., 961 So.2d 451, 455 (La. App. 1st Cir. 2007); Transportation Institute v. Promo Dart, Inc., No. 06-2-03460-1 (King Co. Sup. Ct. Wash., Nov. 14, 2006); Kavu, Inc. v. Omnipak Corporation, 246 F.R.D. 642 (W.D. Wash. 2007); Gortho, Ltd., v. Websolv, 03 CH 15615 (Cir. Ct. Cook Co., March 6, 2008); Rawson v. C.P. Partners

LLC, 03 CH 15165 (Cook Co. Cir. Ct.); Telecommunications Design Network v. McLeodUSA, Inc., 03 CH 8477 (Cook Co. Cir. Ct.); CE Design v. The Trade Show Network Marketing Group, Inc., No. 03 CH K 964 (Cir. Ct. Kane Co., Dec. 2, 2004); Travel 100 Group, Inc. v. Empire Cooler Service, Inc., 03 CH 14510 (Cook Co. Cir. Ct.); Bogot v. Olympic Funding Chicago, No. 03 CH 11887 (Cook Co. Cir. Ct.); Rawson, et. al., v. Robin Levin d/b/a The Ridgewood Organization, 03 CH 10844 (Cook Co. Cir. Ct.) (for settlement purposes); Kerschner, et. al., v. Answer Illinois, Inc., 03 CH 21621 (Cook Co. Cir. Ct.) (for settlement purposes); Kerschner, et. al., v. Murray and Trettel, Inc., 03 CH 21621 (Cook Co. Cir. Ct.) (for settlement purposes); Prints of Peace, Inc., d/b/a Printers, Inc. v. Enovation Graphic System, Inc., 03 CH 15167 (Cook Co. Cir. Ct.) (for settlement purposes); Law Office of Martha J. White, P.C. v. Morrissey Agency Inc., 03 CH 13549 (Cook Co. Cir. Ct.) (for settlement purposes); Kerschner, et. al., v. Fitness Image, Inc., Rommey Abdallah, and Bottom Line Sales Systems, Inc., 04 CH 00331 (Cook Co. Cir. Ct.) (for settlement purposes); INSPE Associates, Ltd., et al. v. Charter One Bank, 03 CH 10965 (Cook Co. Cir. Ct.) (for settlement purposes); Bernstein v. New Century Mortgage Corp., 02 CH 06907 (Cook Co. Cir. Ct.) (for settlement purposes); Gans v Seventeen Motors, Inc., No. 01-L-478 (Ill.Cir. Ct.) (for settlement purposes); Nicholson v. Hooters of Augusta, Inc., 245 Ga.App. 363, 537 S.E.2d 468 (2000) (private class action); ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc., 203 Ariz. (App.) 94, 50 P.3d 844 (2002) (same); Core Funding Group, LLC v. Young, 792 N.E.2d 547 (Ind.App. 2003) (same); Biggerstaff v. Ramada Inn and Coliseum, 98-CP-10-004722, (S.C. C.P., Feb. 3, 2000) (same); Biggerstaff v. Marriott International, Inc., 99-CP-10-001366, (C.P. S.C., Feb 20, 2000) (same); Gold Seal v. PrimeTV, No. 49C01-0112-CP-3010 (Marion County, Indiana,

August 29, 2002)(same); <u>Jemiola v. XYZ Corp.</u>, No. 411237 (C.P. Ohio, Dec. 21, 2001)(same); <u>Salpietro v. Resort Exchange International</u>, No. GD00-9071 (Allegheny Co. C.P.)(same); <u>WPS, Inc. v. Lobel Financial, Inc.</u>, No 01CP402029 (C.P. S.C., Oct. 15, 2001) (same); <u>Kenro, Inc. v. APO Health, Inc.</u>, No. 49D12-0101-CP-000016 (Ind. Nov. 3, 2001) (same); <u>Syrett v. Allstate Ins. Co.</u>, No. CP-02-32-0751 (S.C.C.P. Aug. 12, 2003) (same); <u>Lipscomb v Wal-Mart Stores, Inc.</u>, No. 01-CP-20-263 (S.C.C.P. June 26, 2003) (same); <u>Battery, Inc. v. United Parcel Service, Inc.</u>, No. 01-CP-10-2862 July 26, 2002) (same); <u>Chaturvedi v. JTH Tax, Inc.</u>, No. CD-01-008851 (Pa. C.P. Oct 1, 2001) (same); <u>Dubsky v Advanced Cellular Communications, Inc.</u>, No. 2004 WL 503757 (Ohio C.P. Feb. 24, 2004) (same); <u>Inhance Corp. v. Discount Vacation Rentals</u>, No. LALA 004377 (Iowa Dist. Jan. 5, 2001) (same); <u>Inhance Corp. v. Special T Travel Services, Inc.</u>, No. LALA 004362 (Iowa Dist. Dec. 8, 2000) (same); <u>see</u> <u>State of Texas v. American Blast Fax, Inc.</u>, 164 F. Supp. 2d 892 (W.D. Tex. 2001) (state enforcement action). Several others were certified in a Louisiana federal court, against Kappa Publishing Group, Monroe Systems, and Satellink Paging (The Advocate, Capital City Press, Dec. 28, 2005, p. 1).

       iii. <u>Rule 23(a)(3) – Typicality</u>. Rule 23 requires that the claims of the named Plaintiff be typical of the claims of the class:

> A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory. The typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members. Thus, similarity of legal theory may control even in the face of differences of fact.

<u>De La Fuente v. Stokely-Van Camp, Inc.</u>, 713 F.2d 225, 232 (7th Cir. 1983) (citation omitted).

  In the instant case, typicality is inherent in the class definition. By definition, each of the class members has been subjected to the same practice as the named Plaintiff, namely

they are each persons or entities in the United States who on or after April 22, 2005, were sent a facsimile advertisement in the form of Exhibit A to the second amended complaint, which advertised the commercial availability of TSI's services and who did not have an existing business relationship with TSI and, did not consent to the sending of such facsimile advertisement.

         iv. Rule 23(a)(4) -- Adequacy of Representation. The adequacy of representation requirement involves two factors: (a) the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation; and (b) the plaintiff must not have interests antagonistic to those of the class. Rosario v. Livaditis, 963 F.2d 1013, 1018 (7th Cir. 1992).

  Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Counsel's qualifications are set forth in Appendix B. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

         v. Rule 23(b)(3)  -- Class Action Is Superior to Other Available Methods of Resolving This Controversy. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims is small because generally the class members are unaware of their rights and have damages such that it is not feasible for them to bring individual actions. "[O]ne of the primary functions of the class suit is to provide a device for vindicating claims which, taken individually, are too small to justify legal action but which are of significant size if taken as a group." Brady v. LAC, Inc., 72 F.R.D. 22, 28 (S.D.N.Y. 1976).

The special efficacy of the consumer class action has been noted by the courts and is applicable to this case:

> **A class action permits a large group of claimants to have their claims adjudicated in a single lawsuit. This is particularly important where, as here, a large number of small and medium sized claimants may be involved. In light of the awesome costs of discovery and trial, many of them would not be able to secure relief if class certification were denied . . . .**

In re Folding Carton Antitrust Litigation, 75 F.R.D. 727, 732 (N.D. Ill. 1977) (citations omitted).

Another court has noted:

> **Given the relatively small amount recoverable by each potential litigant, it is unlikely that, absent the class action mechanism, any one individual would pursue his claim, or even be able to retain an attorney willing to bring the action. As Professors Wright, Miller, and Kane have discussed in analyzing consumer protection class actions such as the instant one, 'typically the individual claims are for small amounts, which means that the injured parties would not be able to bear the significant litigation expenses involved in suing a large corporation on an individual basis. These financial barriers may be overcome by permitting the suit to be brought by one or more consumers on behalf of others who are similarly situated.' 7B Wright et al., §1778, at 59; see, e.g., Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 809 (1985) ('Class actions . . . may permit the plaintiffs to pool claims which would be uneconomical to litigate individually.'). The public interest in seeing that the rights of consumers are vindicated favors the disposition of the instant claims in a class action form.**

Lake v. First Nationwide Bank, 156 F.R.D. 615, 625 (E.D. Pa. 1994).

5. Counsel for plaintiff and the proposed class believe that the settlement of this action on the terms and conditions set forth in the Agreement is fair, reasonable, and adequate, and would be in the best interest of the class members.

WHEREFORE, plaintiff respectfully requests that this Court enter an order in the form of Exhibit A to the Agreement, which (i) grants preliminary approval of the proposed settlement, (ii) appoints Montgomery Chiroporactic, P.C. as Class Representative and Edelman,

Combs, Latturner & Goodwin, LLC ("ECLG") as class counsel; (iii) directs the faxing of Notice, in the form of Exhibit C to the Agreement and a claim form in the form of Exhibit D to the Agreement, and (iv) sets dates for submission of claim forms, opt-outs, appearances, objections, and schedules a hearing for final approval under Fed. R. Civ. P. 23(c)(2).

                Respectfully submitted,

                s/ Heather Kolbus
                Heather Kolbus

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Heather Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)

**CERTIFICATE OF SERVICE**

      I, Heather Kolbus, certify that on February 17, 2010, I electronically filed the foregoing with the Clerk of the Court using the *CM/ECF* system which will send notification of such filing to the parties named below:

David Israel
disrael@sessions-law.biz

James Kevin Schultz
jschultz@sessions-law.biz

                                                   s/ Heather Kolbus
                                                 Heather Kolbus


Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Heather Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)