MHW

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MONTGOMERY CHIROPRACTIC, P.C., | ) |
| Plaintiff, | ) Case No.: 1:09-cv-02919 |
| -vs- | ) Judge Kendall |
| TRANSWORLD SYSTEMS, INC., *et al.*, | ) Magistrate Judge Keys |
| Defendants. | ) |

## ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

The Motion of Plaintiff Montgomery Chiropractic, P.C. ("Montgomery" or "Plaintiff") for Preliminary Approval of Class Action Settlement and Notice to the Class with defendant Transworld Systems, Inc. ("TSI" or "Defendant") came on for hearing on February 23, 2010.

Having considered Plaintiff's moving papers, the signed Settlement Agreement and Release (the "Agreement") attached as <u>Appendix A</u> to Plaintiff's Motion for Preliminary Approval, and all other evidence submitted concerning Plaintiff's motion, and after hearing argument of the parties, due notice having been given and the Court being duly advised in the premises, the Court hereby finds that:

(a) The settlement proposed in the Agreement has been negotiated in good faith at arm's length and is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class (as defined below).

(b) The Class Notice (as described in the Agreement) fully complies with Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice

practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of the Lawsuit.

(c) With respect to the Settlement Class, this Court finds that, for settlement purposes only, certification is appropriate under Federal Rule of Civil Procedure 23(a) and (b)(3). This Court finds that members of the Settlement Class will receive notice of the settlement through the notice program described below.

**IT IS THEREFORE ORDERED THAT:**

1. The settlement proposed in the Agreement has been negotiated in good faith at arm's length and is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class in light of the factual, legal, practical and procedural considerations raised by this case.

2. The following class (the "Settlement Class") is preliminarily certified solely for the purpose of Settlement pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> all persons or entities in the United States who on or after April 22, 2005, were sent a facsimile advertisement in the form of <u>Exhibit A</u> to the second amended complaint which advertised the commercial availability of TSI's services and who did not have an existing business relationship with TSI and, did not consent to the sending of such facsimile advertisement.

3. The Court hereby preliminarily appoints Plaintiff Montgomery Chiropractic, P.C. as representative of the Settlement Class and finds that it meets the requirements of Fed. R. Civ. P. 23.

4. The Court hereby preliminarily appoints the following lawyers as counsel to the Settlement Class and finds that counsel meets the requirements of Fed. R. Civ. P.

23: Daniel A. Edelman and Heather A. Kolbus of Edelman, Combs, Latturner and Goodwin, LLC, 120 S. LaSalle Street, 18th Floor, Chicago, Illinois 60603.

5.  In the event that (i) the Agreement is terminated pursuant to its terms; (ii) Defendant withdraws from the Settlement Agreement; (iii) the Agreement, the Preliminary Approval Order, and the Final Judgment and Order do not for any reason become effective; or (iv) the Agreement, Preliminary Approval Order, and Final Judgment and Order are reversed, vacated, or modified in any material respect, then (a) any and all orders entered pursuant to the Settlement Agreement shall be deemed vacated, including without limitation the certification of the Settlement Class and all other relevant portions of this Order, (b) this case shall proceed as though the Settlement Class had never been certified, and (c) no reference to the prior Settlement Class, or any documents related thereto, shall be made for any purpose. If the settlement does not become final in accordance with the terms of the Agreement, then the Final Judgment and Order shall be void and shall be deemed vacated. Defendant retains the right to oppose class certification if the settlement is vacated, and the doctrines of res judicata or collateral estoppel shall not be applied.

6.  Defendant or the Administrator shall give notice of the settlement, its terms, the right to opt out, appear, and the right to object to the settlement as set forth in the Agreement. The Agreement's plan for class notice is the best notice practicable under the circumstances and satisfies the requirements of due process and Fed. R. Civ. P. 23. That plan is approved and adopted.

7.  The form of notice that Defendant or its agent will provide is attached as Exhibit C to the Agreement. By March 25, 2010, Defendant or its agent will send the

notice substantially in the form of Exhibit C and a claim form substantially in the form of Exhibit D by facsimile to each Class Member identified on the Class List. Class Counsel will also post Exhibit A to the second amended complaint and the Class Notice (Exhibit C) on www.edcombs.com. This notice program fully complies with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit. The Court finds and orders that no other notice is necessary. Defendant's Administrator shall provide the Notice and/or the Claim Form to those Class Members who call to request it.

8.  To effectuate the Settlement, the Court hereby establishes the following deadlines and dates for the acts and events set forth in the Agreement and directs the parties to incorporate the deadlines and dates in the Notice and Claim Form:

(a)  Claim Forms shall be returned by Class Members to Defendant or its agent by fax or mail postmarked on or before May 24, 2010. Claims not submitted by this date shall be barred.

(b)  Objections of Class Members or any appearance of an attorney on behalf of a Class Member shall be filed in this Court and served by fax or mail postmarked to Class Counsel and Defendant's counsel on or before May 24, 2010 or shall be forever barred. Each objection must contain the following information: (a) the objector's name (or business name, if the objector is an entity), address and telephone number; (b) the telephone number for the facsimile machine on which the Settlement Class Member was sent the fax; (c) a statement

of the objection to the Agreement; (d) an explanation of the legal and factual basis for the objection; and (e) documentation, if any, to support the objection.

(c) All memoranda filed by any Class Member in connection with objections must be filed in this Court and served on Plaintiff's Counsel and counsel for Defendant by fax or mail postmarked on or before May 24, 2010, or shall be forever barred.

(d) Requests by any Class Member to opt out of the Settlement must be faxed or mailed postmarked to Defendant or its agent on or before May 24, 2010, or shall be forever barred. A notice of intention to opt out must contain the following information: (a) the Class Member's name and address; (b) the telephone number for the facsimile machine on which the Class Member was sent the fax; (c) the Class Member's signature or that of the Class Member's representative (such as a business's officer or manager); and (d) a statement that expressly states an intent of the Class Member not to participate in the Agreement and to waive all rights to the benefits of the Agreement.

9. Defendant or its Administrator shall file an affidavit regarding notice by June 16, 2010.

10. Defendant shall file proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b) no later than March 8, 2010.

11. Class Counsel shall file with the Court a list of the individual members of the Settlement Class seeking exclusion by June 23, 2010.

12. The final hearing to determine whether the settlement is fair, reasonable, and adequate, and whether it should be approved by the Court, will be conducted on June 30, 2010 at 9:00 a.m.

13. All papers in support of or in opposition to the Agreement shall be filed by June 23, 2010. Any responses to objections, shall be filed with the Court on or before June 23, 2010. There shall be no replies from objectors.

14. In the event that the settlement does not become final and the Effective Date does not occur in accordance with the terms of the Agreement, then this Order shall be void and shall be deemed vacated.

15. The Court may, for good cause, extend any of the deadlines set forth in this Order or adjourn or continue the final approval hearing without further notice to the Settlement Class.

Dated: 3-15-10

Judge Virginia M. Kendall