UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MONTGOMERY CHIROPRACTIC, P.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | 09 C 2919 |
| v. ) | |
| ) | Judge Kendall |
| TRANSWORLD SYSTEMS, INC., ) | Magistrate Judge Keys |
| and JOHN DOES 1-10, ) | |
| ) | |
| Defendants. ) | |

**FINAL APPROVAL ORDER**

1. On March 15, 2010, this Court preliminarily approved the Class Settlement Agreement reached between Montgomery Chiropractic, P.C. ("Plaintiff") and Transworld Systems, Inc. ("Defendant").

2. The Court approved a form of notice for the class. The Court is informed that actual notice was sent by facsimile by Defendant's administrator to 6,666 Class Members. On the first notice transmission, there were 5,575 notices successfully sent and 1,091 attempts that failed. On the second notice transmission, there were 5,638 notices successfully sent and 1,028 attempts that failed. Class Counsel also posted Exhibit A to the second amended complaint, upon which the class was defined, and the Class Notice on their firm's website, www.edcombs.com. Three Class Members requested exclusion and no objections were filed or received. A total of 584 Class Members submitted valid claim forms.

3. On July 7, 2010, the Court held a fairness hearing to which Class

Members, including any with objections, were invited. The Court, being fully advised in the premises, hereby orders:

      a. The Court finds that the Class covered by the Settlement Agreement, and previously certified by the Court is appropriate under FED. R. CIV. P. 23.

      b. The Court finds that the provisions for notice to the Class satisfy the requirements of FED. R. CIV. P. 23 and due process.

4. The Court finds that the settlement is fair and reasonable, and hereby approves the **CLASS SETTLEMENT AGREEMENT** submitted by the parties, including the release and the payment by Defendant to create a Settlement Fund of not less than $35,000 and not more than $95,000. The Court further approves of the distribution of the Settlement Fund as follows:

      a. Payment of $2,000 to Montgomery Chiropractic, P.C.

      b. After payment set forth in subparagraph (a) of this Paragraph, the balance of the Settlement Fund shall be distributed among those members of the Class (including Plaintiff) who returned a duly executed claim form that is timely or that is otherwise approved by the Court. Each class member shall be paid approximately $159.00. Class members shall be paid by check void 60 days after issuance.

      c. Any amount of the Settlement Fund that remains unclaimed or undistributed, will be distributed in a 50/50 proportion to the following cy pres recipients: AIDS Legal Council of Chicago and The Chicago Legal Clinic. These distributions will be made 45 days after the void date on the Class Members' settlement checks.

5. <u>Plaintiff and Class Members Release</u>:

As of the Effective Date, Plaintiff will forever release, and those Class

Members who do not opt out of the Settlement Class (whether or not such members submit a claim form) (the "Releasors"), fully, finally, and forever settle, release and discharge TSI and each of its past, present, and future directors, officers, employees, partners, principals, agents, underwriters, insurers, co-insurers, re-insurers, shareholders, attorneys, and any related to affiliated company, including any parent, subsidiary, predecessor, or successor company, and all assigns, licensees, divisions, clients, joint ventures, and any entities directly or indirectly involved in the Lawsuit, including NCO Group, Inc., and all of their subsidiary entities, and any other related NCO entity from any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, or foreign law right of action or of any other type or form (whether in contract, tort or otherwise, including statutory, common law, property, and equitable claims), from the beginning of time to the date of this Agreement which Plaintiff or Settlement Class Member has that arise out of, or are based upon, the conduct alleged in the Lawsuit - including claims arising out of or relating to the sending of an unsolicited facsimile advertisement in the form of <u>Exhibit A</u> to the second amended complaint - regardless of whether any information that may be discovered in the future, which Plaintiff or Settlement Class Members have that arise out of, or are based upon, the conduct alleged in the Lawsuit.

      6.     Three Class Members have opted out of the Settlement: ChiroMed

Clinic, PA of Minneapolis, MN; Claude Lessard, D.C. of Lessard Chiropractic Center of Morrisville, PA; and Newport Chiropractic Center PS of Bellevue, WA. No Class Members have objected to the Settlement.

   7.  The Court finds the Agreement fair and made in good faith.

   8.  The Court directs the Defendant to deliver sums equal to the Settlement Fund to Defendant's Administrator within 21 days after entry of this Order or on July 28, 2010, whichever is later.

   9.  The Court awards attorney's fees and costs in the amount of $30,000 to Plaintiff's Counsel. Defendant is directed to make payment of Attorney's Fees and Costs and the incentive award to plaintiff to Class Counsel within 21 days after entry of this Order or on July 28, 2010, whichever is later.

   10.  Defendant's Administrator shall distribute the Settlement Funds in accordance with the provisions of this Final Approval Order on or before September 7, 2010.

   11.  Defendant or Defendant's Administrator to submit a report on final accounting of the Settlement Fund on December 3, 2010.

   12.  Plaintiff to submit a memorandum in support of final accounting of the settlement on December 3, 2010.

   13.  Plaintiff's counsel and Defendant's counsel will jointly make the *cy pres* payments no later than December 23, 2010.

   14.  Hearing on Final Accounting of the Settlement and for entry of a

final judgment and order of dismissal on December 15, 2010 at 9:00 a.m.


DATE:   July 9, 2010                    ENTERED:


_____
The Honorable Virginia Kendall
United States District Judge


5